### HATCH v. MOROSCO HOLDING CO., Inc. Ex parte MARGOLIES.

Circuit Court of Appeals, Second Circuit. May 7, 1928.

No. 284.

Courts ⊜⟞406(1⅞)—Ruling of Circuit Court of Appeals on creditor's claim against receiver held binding on subsequent appeal in same case touching identical claim.

Ruling of Circuit Court of Appeals on previous appeal, requiring allowance of creditor's claim against receiver in creditor's bill, *held* binding on subsequent appeal in same case by receiver after lower court's allowance of claim.

Appeal from the District Court of the United States for the Southern District of New York.

Creditor's bill by Robert L. Hatch against the Morosco Holding Company, Inc., wherein Edward Margolies filed a claim. The special master allowed the claim, and, from the order of the District Court sustaining the special master, the receiver appeals. Affirmed.

See, also, 296 F. 516.

Appeal from a decree of the District Court for the Southern District of New York allowing a claim against a receiver in a creditors' bill.

In Hatch v. Morosco Holding Co., Inc. (Ex parte Margolies) 19 F.(2d) 766, this court reversed an order of the District Court expunging the claim now in suit, and held that the judgment recovered in the state court against the defendant was conclusive. Upon the new hearing before the special master Margolies again put in evidence the judgment and rested. The receiver thereupon offered to prove that the claim was less than the amount of the judgment, but the evidence was excluded and the claim fixed in the equity suit in the amount found in the judgment.

The District Court sustained the special master and the receiver appealed.

F. Wright Moxley, of New York City, for appellant.

Nathan Burkan, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. A majority of the court, as it is now constituted, think that our first decision impairs the jurisdiction of the District Court over assets already in its custody when the judgment of the state court was entered. They believe that the liquidation of claims is a part of the distribution of the estate, since it determines how much each creditor shall get, and that the distribution of the estate is part of what is usually understood as jurisdiction over the res. However, the former decision was reached after unusual deliberation and full presentation of all the questions involved. If it is to be changed, only the Supreme Court may do so; in the same case and on the same claim the first ruling must stand.

Order affirmed.